UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OWL CREEK BOAT WORKS AND
STORAGE, INC.,

    Plaintiff,

v.

    Case No. 2:24-CV-682-JLB-KCD

DEJONG & LEBET, INC., M & I
MARSHAL & ILSLEY BANK,
ISAOA, MORTGAGEE; MOTOR
VESSEL CHARLOTTE QUEEN,
ENGINES, TACKLE, FURNITURE,
APPAREL, APPURTENANCES,
ETC., IN REM,; AND DISCOVERY
CHARLOTTE HARBOR, LLC,
OWNER, IN PERSONAM;

    Defendants,
_____/

## ORDER

Plaintiff Owl Creek Boat Works and Storage, Inc. moves for a default judgment against several defendants under Fed. R. Civ. P. 55(b). (Doc. 32.)[1] The motion is **DENIED WITHOUT PREJUDICE** for the reasons below.

First, Plaintiff has not secured a clerk's default against the identified defendants. Rule 55 creates a two-step procedure for obtaining a default judgment, with a party first obtaining a clerk's default under Rule 55(a). "Because there has been no entry of default [here], Plaintiff's motion for

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

default judgment" is premature. *Adams v. Unum Life Ins. Co. of Am.*, No. 5:22-CV-35-JSM-PRL, 2022 WL 3098850, at *1 (M.D. Fla. July 18, 2022).

Second, even if Plaintiff's request was procedurally proper, there is no proof of service on the identified defendants. "Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties." *Golembiewski v. Waters Pointe Apartments, LLC*, No. 823CV00081KKMAEP, 2023 WL 4931218, at *2 (M.D. Fla. June 27, 2023). "A judgment rendered in the absence of personal jurisdiction is void and without legal effect." *Strange v. Nescio*, No. 20-80947-CV, 2021 WL 8945480, at *1 (S.D. Fla. Mar. 29, 2021).

Thus, "when deciding a motion for default judgment, a court has an affirmative duty to evaluate whether it has personal jurisdiction over the defendant and may raise the issue sua sponte." *Id*. Proper service of process is a jurisdictional requirement. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Indeed, "a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Id*.

"Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l). Generally, an affidavit of the process server is required to prove service. *Id*. ("Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.").

Plaintiff has not filed proof of service for any of the defendants at issue. The only evidence of service is Plaintiff's statements in its motion. (*See* Doc. 32.) But that is not enough. *See, e.g., Patten v. Lown*, No. 2:20-CV-605-JLB-MRM, 2021 WL 236630, at *3 (M.D. Fla. Jan. 25, 2021). Based on the information before it, the Court cannot determine whether defendants were properly served. Thus, Plaintiff's motion for default judgment must fail. *See, e.g., Clark v. Fla.*, No. 1:24-CV-00116-JPB, 2024 WL 3319410, at *1 (N.D. Ga. May 30, 2024).

**ORDERED** in Fort Myers, Florida on April 30, 2025.

*[signature]*
Kyle C. Dudek
United States Magistrate Judge