UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OWL CREEK BOAT WORKS AND
STORAGE, INC.,

      Plaintiff,

    v.

DEJONG & LEBET, INC., M & I
MARSHAL & ILSLEY BANK,
ISAOA, MORTGAGEE; MOTOR
VESSEL CHARLOTTE QUEEN,
ENGINES, TACKLE, FURNITURE,
APPAREL, APPURTENANCES,
ETC., IN REM; AND DISCOVERY
CHARLOTTE HARBOR, LLC,
OWNER, IN PERSONAM.

      Defendants.

Case No. 2:24-cv-682-KCD-DNF

## <u>ORDER</u>

Plaintiff Owl Creek Boat Works and Storage, Inc. asks the Court to reconsider its order dismissing this action for failure to effect service. (Doc. 41.)[1] Plaintiff argues that the dismissal was a mistake because service was actually completed long ago, but the proof was simply never filed. (*Id.* at 2.) For the reasons below, the motion is **DENIED**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

The facts are simple. This case sat dormant for over a year. During that time, the Court twice ordered Plaintiff to serve the complaint or explain the delay. (Docs. 25, 26, 31, 33, 35.) Plaintiff did neither. Instead, it filed a brief asking for a default judgment, ignoring the service issue entirely. (Doc. 33.) With no proof of service, the Court eventually dismissed the case. (Doc. 40.)

Now, Plaintiff claims that service was actually completed a year ago, but the proofs were inadvertently not docketed. (Doc. 41 at 2.) Plaintiff seeks relief under the banner of clerical error, yet cites no rule or procedure to accommodate reopening the case on that basis. (*Id.*) As best the Court can tell, then, this request falls under Federal Rule of Civil Procedure 60(b)(1), which permits a court to reopen a judgment for "mistake, inadvertence, surprise, or excusable neglect." *Id.*; *Just. v. United States*, 6 F.3d 1474, 1481 (11th Cir. 1993) (recognizing that an involuntary dismissal without prejudice constitutes a final order for purposes of Rule 60(b)); *see also United States ex rel. Cushing v. Shah*, No. 8:19-CV-2997-VMC-TGW, 2024 WL 5202798, at *2 (M.D. Fla. Dec. 23, 2024).

Plaintiff offers only a single, conclusory phrase to explain its year-long silence: that the proofs of service "through inadvertence were not docketed." (Doc. 41 at 2.) But "inadvertence" is a label, not a reason. It tells the Court *what* happened—the documents were not filed—but fails to explain *why*. Plaintiff does not describe a clerical system that failed, a staff member who

erred, or a specific event that led to the oversight. It offers no facts to help the Court distinguish between an honest slip and the kind of willful blindness that Rule 60(b)(1) excludes. When a party seeks relief from a final judgment, it must provide more than a vague gesture toward a mistake; it must provide an explanation substantial enough to demonstrate that the neglect was, in fact, excusable. *See Allen v. Dockery*, 295 F. App'x 335, 339 (11th Cir. 2008).

To trigger Rule 60(b)(1), a party must provide enough detail for the Court to understand the nature of the error. Here, Plaintiff offers only a conclusion. That simply won't work. *See Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 935 (11th Cir. 2007) ("lack of detail" of the explanation for the missed deadline was "fatal" to a Rule 60(b)(1) motion).

Finally, Plaintiff suggests that maintaining the dismissal could "potentially impact [the] statute-of-limitations." (Doc. 41 at 2-3.) This argument suffers from the same infirmity as the claim of inadvertence: it is a conclusion without content. The motion does not cite a specific statute, identify a relevant deadline, or explain why a refiled action would be untimely. It asks the Court to assume prejudice exists without pointing to a single fact that proves it. But we cannot weigh the equities of Rule 60(b) based on a hypothesis. A mere theoretical risk of harm is insufficient to justify the extraordinary relief of reopening a case. Plaintiff must articulate a concrete injury, and here, it has offered only speculation.

Rule 60(b)(1) demands a showing of inadvertence or excusable neglect backed by facts that justify the delay. Plaintiff offers neither. Instead, it has presented a record of silence followed by a motion of generalities. That is insufficient to disturb a final judgment. Accordingly, Plaintiff's Motion for Reconsideration (Doc. 41) is **DENIED**.

**ORDERED** in Fort Myers, Florida on February 4, 2026.

Kyle C. Dudek
United States District Judge

4